UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK-ROBERT BLUEMEL,<br><br>                                    Plaintiff,<br><br>v.<br><br>IMAGE COMICS, INC., a California Corporation; BRIAN POSEHN, an individual; RICK REMENDER, an individual; BRETT PARSON, an individual; MORENO DINISHIO, an individual,<br><br>                                    Defendants. | Case No.:  3:25-cv-02708-RBM-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO STAY [Doc. 20]; and**<br><br>**(2) DENYING WITHOUT PREJUDICE MOTIONS TO QUASH SERVICE [Docs. 13, 21] and REQUEST FOR JUDICIAL NOTICE [Doc. 19]** |

Pending before the Court are Defendants Image Comics, Inc., Brian Posehn, Rick Remender, Brett Parson, and Moreno Dinishio's (collectively, "Defendants" or "Image Comics") Motion to Quash Insufficient Service of Process ("Motion to Quash Service") (Docs. 13, 21), Request for Judicial Notice (Doc. 19), and Motion to Dismiss or Stay (Doc. 20). Plaintiff Mark-Robert Bluemel ("Plaintiff" or "Bluemel") opposes Defendants' motions. (*See* Docs. 23, 24, 26.) Defendants filed a reply in support of each of their motions. (*See* Docs. 27, 28.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed the filings above, and for the reasons below, the Motion to Stay (Doc. 20) is **GRANTED**. Accordingly, the Motion to Quash Insufficient Service of Process (Docs. 13, 21), the Request for Judicial Notice (Doc. 19), and the Motion to Dismiss are **DENIED without prejudice**.

# I.   BACKGROUND

Bluemel alleges that he is "the owner of the incontestable federal trademark THE GROMMETS, U.S. Reg. No. 3,510,923, first used in commerce in 2007 and registered in 2008, in International Classification 016 for use in conjunction with 'Printed matter, namely, book series featuring mystery stories.'" (Doc. 1 at 2.)  "The mark is associated with Plaintiff's literary book series 'The Grommets' celebrating the innocence of youth, the love of surfing and the ocean, and encouraging children to read." (*Id.* at 2–3.)  Bluemel alleges that Defendants "have launched a comic book series titled 'Grommets,' which misappropriates Plaintiff's incontestable mark.  Unlike Plaintiff's wholesome series, Defendants' publication is based on their personal experiences in middle school and is rife with profanity, violence, and drug use." (*Id.* at 3.)

On July 11, 2025, Bluemel sent Image Comics a cease and desist letter.  (Doc. 1-38 at 2–4.)  The letter indicated that Image Comics had "ten days from receipt of this letter to comply with [Bluemel's] demands," and that "[f]ailure to do so [would] result in the immediate commencement of federal litigation seeking permanent injunctive relief, monetary damages and defendant's profits . . . ." (*Id.* at 4.)  On July 21, 2025, Image Comics responded with a letter of their own.  (Doc. 19-2 at 42–46.)  Three days later, "[t]o protect their rights to publish the Grommets comic book, Image [Comics] filed a lawsuit in the Western District of Washington." (Doc. 20 at 5.)  Then, three months later, on October 13, 2025, Bluemel filed this action in the Southern District of California.  (Doc. 1.)

## A.   The First Action in the Western District of Washington

The action in the Western District of Washington, brought by Image Comics, seeks declaratory relief including: (1) a declaration of trademark non-infringement; (2) cancellation of U.S. Trademark Registration Number 3,510,923; (3) a declaration of no violation of California Business and Professions Code § 17200; (4) and a declaration that Image Comics has the right to continue to use the term "Grommets" as a title for their graphic novel series.  *See Image Comics, Inc. v. Bluemel*, Case No.: 2:25-cv-01399-TL (the "W.D. Wash. Action"), ECF No. 28 (W.D. Wash. Nov. 17, 2025).

**B.    The Second Action in the Southern District of California**

This action, brought by Bluemel, raises the following causes of action: (1) federal trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a); (3) unfair competition under California Business and Professions Code § 17200; (4) common law trademark infringement; (5) abuse of process; (6) fraud—intentional misrepresentation and concealment; (7) injunctive relief enjoining Defendants from "using the name 'Grommets' or any confusingly similar mark in connection with the marketing, sale, or distribution" of media, and requiring Defendants to "recall and destroy all infringing materials bearing The Grommets mark." (Doc. 1 at 13–24.)

## II.    <u>LEGAL STANDARD</u>

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket" in the interests of judicial economy and efficient management of litigation. *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). It may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Growers, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) "the possible damage which may result from the granting of a stay;" (2) the hardship to the parties if the suit is allowed to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1109–10; *see also Gonzalez v. CoreCivic, Inc.*, Case No.: 17-CV-2573-JLS (NLS), 2018 WL 1621543, at *5 (S.D. Cal. Apr. 4, 2018) ("Courts have the power to stay proceedings *sua sponte*.") (citing *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017). "If there is even a fair possibility" that the stay will harm the non-moving party, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## III.   <u>DISCUSSION</u>

Image Comics argues that this case should be stayed under the first-to-file rule because the action in the Western District of Washington involves substantially similar parties and issues as the action here.  (Doc. 20 at 12–14.)  Bluemel argues that the first-to-file rule does not apply because the first action is an anticipatory lawsuit.  (Doc. 23 at 13–15.)  Although the Parties frame the issue in terms of the first-to-file rule, the Court finds it appropriate to exercise its discretion under its inherent authority to manage its own docket and stay this action while the action in the Western District of Washington proceeds.

As discussed above, in analyzing the propriety of a stay, the Court considers (1) "the possible damage which may result from the granting of a stay;" (2) the hardship to the parties if the suit is allowed to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer*, 398 F.3d at 1109–10.  The first factor favors Bluemel.  But the second and third factors so strongly militate in favor of issuing a stay that the Court concludes a stay of this action is proper.

First, the most significant harm that may result from the Court's issuance of a stay is Bluemel's inability to litigate in his preferred forum.  As courts recognize, "the equitable principle underlying the anticipatory suit exception to the first-to-file rule is that the proper plaintiff to a controversy should have its choice of venue, and that the proper plaintiff is deprived of that traditional choice by the would-be defendant's anticipatory filing."  *Jive Software, Inc. v. Parkview Health Sys., Inc.*, Case No. 3:18-cv-101-SI, 2019 WL 1547353, at *3 n.1 (D. Or. Mar. 29, 2018) (emphasis omitted).  It is clear from his briefing (*see* Doc. 23 at 14–15) and decision to file suit here that Bluemel would have preferred to litigate his claims in California.  The Court does not consider this harm lightly.  *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("unless the balance [of equities] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

Second, both Parties would face hardship if forced to litigate the trademark infringement claim—the crux of both this action and the action in the Western District of

4

3:25-cv-02708-RBM-BJW

Washington—in two courts, on significantly different timelines, and with the risk of inconsistent judgments. This factor thus favors issuing a stay.

Third, issuing a stay would dramatically simplify the "issues, proof, and questions of law," thereby promoting the efficient use of both judicial and party resources. *Lockyer*, 398 F.3d at 1109–10. The actions concern alleged trademark infringement or non-infringement regarding the same trademark, U.S. Trademark Registration Number 3,510,923. (*See supra* Section I.) Both actions also concern alleged violations or non-violations of California Business and Professions Code § 17200. (*Id.*) A ruling on these claims by the Washington court would simplify, if not outright resolve, most of the claims in the action before this Court. And to the extent additional claims remain in the action before this Court, a ruling in the Washington court would help narrow the focus of this Court to just those remaining issues. Although Bluemel argues that "this action includes additional defendants and broader claims" (Doc. 23 at 14–15), a ruling by the Washington court regarding whether Bluemel has the rights to the trademark at issue will simplify the issues regardless of how many Defendants are named in each action.

Additionally, issuing a stay is consistent with the Court's ability to consider judicial economy in controlling its own docket. *See Clinton*, 520 U.S. at 706–07. The action in the Western District of Washington has progressed significantly further than the action pending before this Court. The Washington court has issued a scheduling order. (*See* W.D. Wash. Action, ECF No. 31 at 1–4.) The deadline to complete discovery is November 27, 2026, and the jury trial is set for April 26, 2027. (*Id.*) The Washington court also granted in part Image Comics' motion for jurisdictional discovery, finding that Image Comics was entitled to limited, "targeted discovery regarding the sale of [Bluemel's] physical books and Kindle downloads" and the "publishing agreement" between Bluemel and Amazon.com. (W.D. Wash. Action, ECF No. 33 at 5–6.) In making this finding, the Washington court also denied Bluemel's motion to dismiss for lack of personal jurisdiction "with leave to refile after the completion of jurisdictional discovery, if appropriate." (*Id.* at 6.) Bluemel's deadline to produce the limited jurisdictional discovery was April 16,

3:25-cv-02708-RBM-BJW

2026. (W.D. Wash. Action, ECF No. 49 at 1–2.)  As of May 20, 2026, no renewed motion to dismiss has been filed.

In contrast, this Order marks the first ruling in this action.  On January 7, 2026, Image Comics filed its Motion to Dismiss or Stay (Doc. 20), and on January 16, 2026, Image Comics filed its Motion to Quash Service (Docs. 13, 21).  These motions are pending before the Court, and even if the Court ruled on their merits today, a scheduling order would likely not issue for several weeks, and more likely months.  *See* S.D. Cal. Civ. R. 16.1(c)(1)–(d) (indicating that a scheduling order will issue after the Case Management Conference, which occurs after the Early Neutral Evaluation, which occurs up to 45 days after the filing of an answer).

In short, a stay may prevent Bluemel from litigating in his preferred forum.  But the Court finds that this harm is outweighed by the anticipated simplification of the issues, the conservation of the Parties' and the Court's resources, and the need to avoid the risks of duplicative litigation and inconsistent judgments.

### IV.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** the Motion to Stay (Doc. 20). Accordingly, the Motion to Quash Insufficient Service of Process (Docs. 13, 21), the Request for Judicial Notice (Doc. 19), and the Motion to Dismiss are **DENIED without prejudice** and with leave to refile if/after the stay is lifted.

This action is **STAYED until August 24, 2026**.  The Parties shall file a joint status report on or before **August 17, 2026** that updates the Court on any relevant developments in the action in the Western District of Washington.  The Court will issue a further Order upon receipt of the joint status report.

**IT IS SO ORDERED.**

Dated:  May 20, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-02708-RBM-BJW